## Stark, Appellant, *v.* Pennsylvania Telephone Company.

*Negligence—Telephone companies—Electric wire—Charge—Custom —Evidence.*

A telephone company cannot be charged with liability for personal injuries sustained by a pedestrian in a street coming in contact with one of its wires which had broken in a storm, and had become charged with electricity by falling across an electric light wire below it, if there is no evidence to show that it was customary to place guards or screens between telephone wires and electric light wires strung beneath them.

Argued May 17, 1909. Appeal, No. 355, Jan. T., 1908, by plaintiff, from order of C. P. Lancaster Co., March T., 1903,

No. 12, refusing to take off nonsuit in case of Kate Stark v. The Pennsylvania Telephone Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, HASSLER, J., filing the following opinion:

The defendant company has a line of poles on which are strung a number of telephone wires on Beaver street in the city of Lancaster. At the time with which we are concerned an electric light company had a line of poles supporting a number of electric light wires on the same street. These wires ran along the street about ten feet underneath the wires of the defendant company. On the night of February 21, 1902, there was a sleet and rain storm of unusual severity, which did much damage to telephone and electric light wires, among others breaking one of the telephone wires of the defendant company on Beaver street, which hung down, over and on the wire of the electric light company, thus becoming charged with electricity. Oscar Stark, a sixteen year old son of the plaintiff, came in contact with the wire, and was almost instantly killed. The plaintiff seeks to recover damages in this action for his death.

In her statement she alleges a number of particulars in which the defendant company was negligent, but at the trial it was only attempted to prove that it was negligent in one particular, which was its failure to have a screen or guard or protection of some kind between its wires and the wires of the electric light company immediately underneath, so that if a wire of defendant company broke, or became disengaged, it would be prevented from coming into contact with the wires of the electric light company, and thus become charged with electricity, thereby avoiding the danger which caused the death of plaintiff's son. On this subject it is said in Stark v. Lancaster Electric Light, Heat & Power Company, 218 Pa. 575, a case growing out of this accident, "While companies using electricity are held to the highest degree of care practica-

ble and are required to take every reasonable precaution suggested by experience and known dangers, it is not for a jury without evidence to set up a standard of care as to a matter not within the range of common knowledge. In Aument v. Penna. Telephone Company, 28 Pa. Superior Ct. 610, a case in which the same question was involved, it was said by Rice, P. J.: 'If, therefore, there had been evidence that it is customary, or if not customary, that it is practicable for telephone companies to maintain guard wires under the circumstances proved at the trial, the plaintiff's case would present a different aspect. ' But we cannot say that this was a question of fact upon which the generality of mankind are so well informed that the jurymen drawn from the ordinary walks of life ought to have been permitted to determine it without evidence, and then make their finding the basis of an inference that the omission to maintain such wires in the present instance was negligence, and the proximate cause of the injury complained of.'"

The plaintiff called three witnesses on the trial of this case, all of whom testified that they had known of guards or screens between telephone and telegraph wires and wires of high tension, such as electric light wires, at crossings, which would prevent the former when they broke from coming in contact with the latter. Not one of these witnesses testified that such a contrivance was in use any place where, as here, electric light wires ran along a street, underneath those of the telephone or telegraph company, nor that under such circumstances, if one had been used, it would have prevented the wires from coming in contact with each other in case of a break. We were of the opinion at the trial that the plaintiff had not met the requirements laid down in the case from which we have quoted above, and we entered judgment of nonsuit. Nothing has been presented to us since the trial that convinces us that we erred in entering the nonsuit, and we therefore discharge the rule to strike it off.

Rule discharged.

*Error assigned* was order refusing to take off nonsuit.

B. F. Davis, for appellant, cited: Dannenhower v. Western Union Tel. Co., 218 Pa. 216; Combs v. Tel. & Tel. Co., 218 Pa. 440; Fox v. Manchester, 183 N. Y. 141 (75 N. E. Repr. 1116); United Electric Ry. Co. v. Shelton, 14 S. W. Repr. 863; Economy Electric Light & Power Co. v. Hiller, 203 Ill. 518 (68 N. E. Repr. 72); Aument v. Tel. Co., 28 Pa. Superior Ct. 610; Delahunt v. Tel. Co., 215 Pa. 241.

W. U. Hensel, for appellee, cited: Hand v. Tel., etc., Co., 1 Lack. L. N. 351.

PER CURIAM, June 22, 1909:

This judgment is affirmed on the opinion of the court below, refusing to take off the nonsuit.